NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

ENRIQUE N., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, V.F., E.F., *Appellees.*

No. 1 CA-JV 20-0043

FILED 3-18-2021

---

Appeal from the Superior Court in Maricopa County
No. JD23126
The Honorable Lori Ash, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

David W. Bell Attorney at Law, Higley
By David W. Bell
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Sandra L. Nahigian
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Presiding Judge D. Steven Williams delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

---

**W I L L I A M S**, Judge:

¶1         Enrique N. ("Father") appeals the juvenile court's order terminating his parental rights to his children, V.F. and E.F. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2         In July 2018, Father's former girlfriend witnessed one of Father's children sexually abusing the other child. The children, apparently, spent much time in the former girlfriend's care even though she was no longer in a relationship Father and was a heroin addict. Mother's parental rights were previously terminated. The Department of Child Services ("DCS") took temporary custody of the children and filed a dependency petition alleging Father was neglecting the children because he failed to protect one child from sexual abuse and failed to provide appropriate care and supervision to both children.

¶3         When Father failed to appear for a dependency pre-trial conference, the juvenile court found the children dependent as to Father. DCS offered Father a variety of reunification services, including case management services, case plan meetings, individual counseling, parent-aide services, parenting classes, a psychological evaluation, substance-abuse assessment, substance-abuse treatment, transportation, urinalysis testing, and visitation. Although the record indicates that Father showed some progress in his substance-abuse recovery and engaged in some of the services, Father was inconsistent with substance-abuse testing and counseling, tested positive for cocaine and benzoylecgonine, and closed out parent-aid services unsuccessfully. Father was approved for in-home visits, but he refused to participate because he wanted the visits to be unsupervised. Father was also arrested in July 2019 for a two-year-old DUI, and allegedly faced prison time and deportation.

¶4         In November 2019, the juvenile court changed the case plan from family reunification to severance and adoption. At the initial

severance hearing Father, a Spanish speaker, was provided a notice written in Spanish containing the dates and times of future court hearings. Father was also informed in Spanish of the consequences of failing to appear for any court hearing, including the possibility of the court proceeding in his absence. *See* Ariz. R.P. Juv. Ct. 64(C).

**¶5**      Father appeared for the initial severance hearing but then failed to appear at the pre-trial conference in January 2020. When Father's counsel was unable to explain why Father failed to appear for the hearing, the juvenile court opted to hold an accelerated severance adjudication hearing, ultimately severing Father's parental rights based upon the statutory ground of fifteen-months in out-of-home placement, and found termination to be in the children's best interests. The court also found no good cause for Father's failure to appear.

**¶6**      Father timely appealed the order terminating his parental rights. Later, Father moved the juvenile court to reconsider and set aside its finding that Father had no good cause for failing to appear, and offered an explanation, for the first time, as to why he failed to appear. Father provided information showing that he was at the DCS office, the morning of the pre-trial conference, for a meeting he mistakenly believed to have been scheduled. The juvenile court denied Father's motion.

**¶7**      In his opening brief, Father argues he established good cause for his failure to appear based upon information provided to the court in his motion to reconsider. DCS moved this court to dismiss the appeal for lack of jurisdiction, arguing Father appealed the termination order, not the motion for reconsideration. This court stayed the appeal, remanded the matter to the juvenile court, and authorized the court to reissue a ruling on Father's motion after holding an evidentiary hearing. This court also indicated that Father could file a second notice of appeal, challenging the court's reissued ruling, if he chose to.

**¶8**      In August 2020, the juvenile court held an evidentiary hearing on Father's motion to reconsider, and again, denied Father's request to set aside the termination order. DCS moved this court a second time to dismiss Father's appeal for lack of jurisdiction, which was denied, and the appeal was reinstated. We have jurisdiction over Father's appeal from the termination order under Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1) and Arizona Rule of Procedure for the Juvenile Court 103(A).

**DISCUSSION**

**¶9**        We review a severance ruling for an abuse of discretion, accepting the court's factual findings unless clearly erroneous, *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004), and view the evidence in the light most favorable to sustaining the court's ruling, *Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207, ¶ 2 (App. 2008). Because the juvenile court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," we will affirm an order terminating parental rights if reasonable evidence supports the order. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009) (quoting *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004)).

**¶10**        "To justify termination of the parent-child relationship, the [juvenile] court must find, by clear and convincing evidence, at least one of the statutory grounds set out in [A.R.S. §] 8-533," *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000), and find, by a preponderance of the evidence, that termination is in the best interests of the child, *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005). Fifteen months in an out-of-home placement is one statutory ground authorizing termination. A.R.S. § 8-533(B)(8)(c).

**¶11**        Father's opening brief does not challenge the juvenile court's fifteen months in an out-of-home placement finding, nor does it challenge the court's finding that termination is in the children's best interests. Father, likewise, does not challenge the court's authority to proceed with an accelerated termination hearing where he failed to appear at the pre-trial conference. *See* A.R.S. § 8-537(C); Ariz. R.P. Juv. Ct. 65(C)(6)(c). Consequently, we do not address these issues. *See* ARCAP 13(a)(7)(A); *Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 578, ¶ 6 (App. 2017) ("[W]e adhere to the policy that it is generally not our role to *sua sponte* address issues not raised by the appellant."); *Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 234, ¶ 14 n.6 (App. 2011) (recognizing that the failure to develop an argument on appeal usually results in abandonment and waiver of the issue).

**¶12**        The substance of Father's opening brief only challenges the juvenile court's order denying his motion for reconsideration, arguing specifically that the court abused its discretion in concluding no good cause existed for his failure to appear at the pre-trial conference. But Father has not appealed that order. Thus, we lack jurisdiction to address the substance of Father's argument raised in his opening brief. *See Lindsey v. Dempsey*, 153

Ariz. 230, 235 (App. 1987) ("Since the ruling of which [appellant] complains occurred after the entry of judgment and the filing of the notice of appeal, we do not have jurisdiction to address it.").

**CONCLUSION**

**¶13** For the forgoing reasons, we affirm the juvenile court's termination order, but do not address the court's order denying Father's motion for reconsideration because Father has not appealed that order.



AMY M. WOOD • Clerk of the Court
FILED: AA